UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **WILBERT HAYES, III** | : | **DOCKET NO. 2:22-cv-0872** |
| **D.O.C.. # 460957** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **MARK HERFORD, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint [doc. 1] filed pursuant to 42 U.S.C. § 1983 by plaintiff Wilbert Hayes, III (Hayes), who is proceeding pro se and in forma pauperis in this matter. Hayes is an inmate in the custody of the Louisiana Department of Corrections ("LDOC") and is currently incarcerated at the Avoyelles Marksville Detention Center in Marksville, Louisiana. He names Sheriff Mark Herford and Deputy Robinson as defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the suit be **DISMISSED WITH PREJUDICE**.

**I.**
**BACKGROUND**

Plaintiff alleges that, on February 11, 2022, he was released from the Vernon Parish Jail. On that same date, he was subsequently arrested by Beauregard Sheriff's Deputy Robinson. He brings the instant suit complaining that his constitutional rights were violated when he "didn't have a 72-

hour hearing until 13 days after Beauregard Sheriff Deputy Robinson arrested [him] on February 11, 2022." Doc. 1, p. 4.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Hayes has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

### B. *Section 1983*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained

of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### *C. Application*

Plaintiff claims that defendants violated his constitutional rights by failing to get him a 72-hour hearing until 13 days after his arrest by Beauregard Sheriff's Deputy Robinson.

The Court assumes that plaintiff is accusing the defendants of violating the provisions of Louisiana Code of Criminal Procedure articles 230.1 and 230.2. The first article mandates the appointment of counsel and the setting of bail and provides--

> A. The sheriff or law enforcement officer having custody of an arrested person shall bring him promptly, and in any case within seventy-two hours from the time of arrest, before a judge for the purpose of appointment of counsel. Saturdays, Sundays, and legal holidays shall be excluded in computing the seventy-two-hour period referred to herein. The defendant shall appear in person unless the court by local rule provides for such appearance by telephone or audio-video electronic equipment. However, upon a showing that the defendant is incapacitated, unconscious, or otherwise physically or mentally unable to appear in court within seventy-two hours, then the defendant's presence is waived by law, and a judge shall appoint counsel to represent the defendant within seventy-two hours from the time of arrest.
>
> B. At this appearance, if a defendant has the right to have the court appoint counsel to defend him, the court shall assign counsel to the defendant. The court may also, in its discretion, determine or review a prior determination of the amount of bail.
>
> C. If the arrested person is not brought before a judge in accordance with the provisions of Paragraph A of this Article, he shall be released forthwith.
>
> D. The failure of the sheriff or law enforcement officer to comply with the requirements herein shall have no effect whatsoever upon the validity of the proceedings thereafter against the defendant.

Even if counsel was not timely appointed, and even if that delay was attributable to the defendants for failing to abide by the provisions of art. 230.1, Plaintiff's claim alleges a violation of State law, at worst, and therefore is insufficient to state a claim for which relief may be granted

pursuant to § 1983. *Delaney v. Ackal*, No. 09-1643, 2009 U.S. Dist. LEXIS 121780, *15 (W.D. La. Nov. 24, 2009)

Plaintiff likewise implies that he was denied a probable cause determination within 72 hours of his arrest. In this regard, plaintiff has not alleged whether his arrest on February 11, 2022, was obtained with or without a warrant. If plaintiff was arrested without a warrant, his rights to a probable cause determination are granted pursuant to La. C.Cr.P. art. 230.2 which provides:

> A. A law enforcement officer effecting the arrest of a person without a warrant shall promptly complete an affidavit of probable cause supporting the arrest of the person and submit the same to a magistrate. Persons continued or remaining in custody pursuant to an arrest made without a warrant shall be entitled to a determination of probable cause within forty-eight hours of arrest. The probable cause determination shall be made by a magistrate and shall not be an adversary proceeding. The determination may be made without the presence of the defendant and may be made upon affidavits or other written evidence. A magistrate's determination of probable cause hereunder shall not act as a waiver of a person's right to a preliminary examination pursuant to Article 292.
>
> B. If a probable cause determination is not timely made in accordance with the provisions of Paragraph A of this Article, the arrested person shall be released on his own recognizance.

Plaintiff asserted that the defendants did not provide a "hearing." However, the statute cited above does not mandate a hearing, and plaintiff has never alleged that probable cause for his arrest, incarceration or prosecution is lacking or was not otherwise determined by a magistrate or judge. Of course, if plaintiff was arrested on a warrant, that presupposes a finding of probable cause on the part of the judge or magistrate who issued the warrant. *Id.* at *16 *(citing State v. Hughart*, 34,243, 34,248 (La.App. 2 Cir. 7/20/00), 2000, 801 So. 2d 388)). Article 230.2 governing probable cause determinations for persons arrested without a warrant is inapplicable in those cases where the defendant was arrested on a warrant since a finding of probable cause by a judge was required in order for the arrest warrants to issue in the first place. In other words,

plaintiff has not shown a violation of Article 230.2, however, even if he showed such a violation, he has not shown a violation of the Constitution or laws of the United States.

Finally, to the extent that plaintiff faults the defendants for denying him the right to a preliminary hearing, his claim is likewise subject to dismissal for failing to state a claim for which relief might be granted. Under Louisiana law, it is incumbent upon the prosecutor or the defendant to request a preliminary hearing. *Delaney, supra*, at \*17 (*citing* La. C.Cr.P. arts. 291-298).

### III.
#### CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 13th day of June, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE